ALLEN M. BABINEAUX, Judge Pro Tern.
The plaintiffs, Mr. and Mrs. Edward Barron, filed suit against the defendant, Seis Pros, Inc., to recover compensation for damages to their home and for personal injuries, including loss of use of portions of the home, mental anguish, anxiety and aggravation, all of which allegedly resulted from seismic operations conducted by Seis Pros. The plaintiffs also named their homeowners insurer, Louisiana Farm Bureau Mutual Insurance Company (Farm Bureau), as a defendant. Farm Bureau asserted a third party demand against Seis Pros for indemnity. Following a trial by jury, a verdict for the plaintiffs was rendered. The jury found Seis Pros liable for damages to the plaintiffs’ home and awarded $62,101.00 to plaintiffs as compensation for these damages. The plaintiffs’ additional claims for damages were denied. Judgment was entered pursuant to the verdict of the jury, additionally, granting judgment in favor of Farm Bureau on its third party demand against Seis Pros. The defendant Seis Pros appeals the findings of the jury on the issues of causation and damages to the residence. Farm Bureau adopts the position of Seis Pros on this appeal. Mr. and Mrs. Barron answered the appeal seeking damages for their personal injuries as pleaded in their petition. We affirm.
The plaintiffs’ home is situated on a twelve acre tract of land in St. Landry Parish. Seis Pros paid the plaintiffs $174.89 in return for permission to conduct the testing on their property. Seis Pros drilled a hole approximately twelve hundred feet north of the plaintiffs’ residence. A ten pound charge of dynamite was lowered into the hole to a depth of one hundred feet. The charge was detonated on September 9, 1982. At least two blasts resulted from the detonation.
Mrs. Barron was home alone on September 9,1982. She was cleaning an aquarium *289 when the explosions occurred. Mrs. Barron testified that the water in the acquari-um shook. The chandelier shook. The whole house shook. After phoning Mr. Barron, Mrs. Barron went outside and discovered chips surrounding the home which had fallen from the home’s bricks. She also discovered cracks in the bricks on the west side of the house. Returning inside Mrs. Barron found two walls on which the paneling had buckled. A couple of days later, on September 11, 1982, the Barron’s experienced sewerage problems. A plumber was called and he removed and replaced a shattered section of plastic pipe leading from the septic tank. Approximately three weeks after the explosions the plaintiffs inspected the foundation beneath carpeting in portions of the house. They discovered lengthy cracks in the concrete foundation in two rooms. The foundation in other portions of the house has not been inspected. The flooring in the kitchen split at the seam. One corner in the house split apart. The roof of the house was replaced approximately eighteen months prior to trial because of leaking which Mr. Barron attributed to the activities conducted by Seis Pros.
The plaintiffs’ home was constructed in 1973. It is a brick home built on a concrete foundation. The home comprises approximately 2300 square feet. It appears from the record that the home was well constructed and, further, that none of the damages alleged by the plaintiffs existed prior to the activities conducted by Seis Pros.
We find no error in the findings of the jury that the property damages sustained by the Barrons were caused by the explosions detonated by the defendant Seis Pros. The evidence supports the conclusion that the damage to the home is related to the defendants’ activities, and that these activities were a cause in fact of all of the damage.
Seis Pros argues, with regard to the issue of damages, that the jury erred in awarding the full replacement cost of the plaintiffs’ home. Whether the jury awarded the full replacement cost of the home or some other measure of damages is uncertain from the record, but, it is more probable than not, considering all of the evidence presented, that full replacement cost was awarded by the jury. We disagree with the appellants contention that this constitutes reversible error.
The plaintiffs’ expert, Mr. Dewey Cormier, testified as did the other experts that it was possible to repair the Barron home. However, the thrust of Cormier’s testimony was that despite repair, the plaintiffs’ home could not be put in the same shape as existed prior to the blasting by Seis Pros. His opinion that nothing short of full replacement value would adequately compensate the plaintiffs is reasonable under the facts presented in this case and the jury’s verdict in accordance with the opinion of Mr. Cormier is well founded. We conclude, upon careful review of the entire record, that the defendant has failed to adequately rebut the proof offered by the plaintiffs regarding damages to the plaintiffs’ home. Hence, we find no error in the award of $61,101.00 for damages to the plaintiffs’ home.
The plaintiffs argue in this appeal that they are entitled to awards for the mental anguish, aggravation and anxiety they have suffered. The jury failed to grant an award for these damages although specific interrogatories were propounded to them on these elements of damages. We have reviewed the record carefully and find that the evidence presented on these issues is minimal. We feel that the jury properly concluded that such damages were not proven to such an extent as to warrant an award. We find no error.
Accordingly, for the reasons herein assigned, the judgment of the trial court is affirmed. Costs of this appeal shall be paid by Seis Pros, Inc.
AFFIRMED.